UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEFF ANTHNOY PROPERTIES Inc, et al.<br>    Plaintiff,<br><br>v.<br><br>PETER ALVITI, individually and in his official capacity as Director of the RHODE ISLAND DEPARTMENT OF TRANSPORTATION, et al.<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 1:19-CV-00360-MSM-LDA<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER

The plaintiffs, the owner of four Rhode Island properties wishing to rent billboard space for commercial advertising, and an advertising company that leases billboard space to rent out, have challenged the constitutionality of Rhode Island's Outdoor Advertising Act, R.I.G.L. § 24-10.1-3(3), insofar as it precludes off-premises advertising.  *See* Regulation 290-RICR-30-00-1.11(B) of R.I. Department of Transportation.  Off-premises advertising means any message that advertises or promotes enterprises or activities that do not take place on the same site as the sign.   The defendants have filed a motion to dismiss, contending that the case is controlled by *Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 512 (1981), and *Central Hudson Gas & Electric v. Public Service Comm'n*, 447 U.S. 557 (1980).   First,

while it may have been a foregone conclusion some time ago that Rhode Island's statute be subjected only to intermediate scrutiny pursuant to those cases, the plaintiffs have raised a serious issue concerning whether *Reed v. Town of Gilbert, Ariz.,* 576 U.S. 155, 162, 135 S.Ct. 2218, 2226 (2015), is superseding authority in this context. If it is, it demands strict scrutiny on the theory that the distinction between on and off advertising is content-based. *See, e.g., Thomas v. Bright*, 937 F.3d 721, 729-30 (6th Cir. 2019) (holding that *Reed* supersedes *Central Hudson*). *See also, Vono v. Lewis,* 594 F. Supp. 189, (D.R.I. 2009) (on-premises vs. off-premises distinction requires content-based determination). *Moreover*, at this early stage the plaintiffs cannot be deprived of the opportunity to make a case that the statute could not survive either level of scrutiny.

Regardless of where the merits may ultimately lead, this Complaint states a plausible claim for relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). The Defendant's Motion to Dismiss is therefore DENIED. However, insofar as it relates to a claim for monetary damages against the defendants' in their official capacities the motion is GRANTED.[1]

IT IS SO ORDERED.

Mary S. McElroy,
United States District Judge
July 10, 2020

---

[1] The plaintiffs agree that in their official capacities the defendants are not subject to a claim for damages pursuant to 42 U.S.C. § 1983.